## FELLOWS v. CARPENTER.

A written agreement respecting a note, entered into at the time the
note is given, though it be not annexed, is to be considered in
nature of a condition. Also, an appeal to an adjourned court, is
not sustainable.

ERROR from the judgment of a justice of the peace, and
from a subsequent one of the Common Pleas, dismissing an
appeal. Carpenter, being administrator on the estate of
Jeremiah Utley, deceased, brought his action against Fel-
lows, on a promissory note, given to the deceased, for the
sum of £5 payable in the year 1785.— To which the defend-

ant pleaded — That at the time of giving and executing said note, the said Utley entered into an agreement with the defendant, which was in writing, and duly executed, in the following words, viz. " This agreement, made by Jeremiah Utley, on the one part, and Isaac Fellows on the other, witnesseth — That whereas Elizabeth Utley did, in the month of May, 1783, before Moses Holmes, Esq. make oath, that she was pregnant by the said Fellows: And the said Fellows hath given four notes to the said Jeremiah Utley, of £5 each; one of said notes to be paid in the year 1784, provided said child live one year from its birth; and £5 to be paid in the year 1785, if the child live two years from its birth; and £5 to be paid in the year 1786, if the child live three years from its birth; and £5 to be paid in the year 1787, if the child live four years from its birth.—And if said child should not live out all or any of the years here mentioned, the said Utley promises to give the said four notes up to the said Fellows, and they are to be null and void."— And that the child mentioned in said agreement did not live out two years from its birth, but died a considerable time before the expiration of said two years; by means whereof said note became void.

To this there was a demurrer, and joinder in demurrer; and judgment was, by the justice rendered for the plaintiff, to recover the sum of £3 15s. 4d.

An appeal was taken to the Court of Common Pleas, holden by adjournment: And before the Court of Common Pleas, it was objected — That the appeal was irregular, and not sustainable. being taken to an adjourned court, when it

ought to have been to the next stated session of said court.—
And the appeal was dismissed.

On the writ of error three points were contended by the
counsel:—

1. That the agreement recited in the pleadings was not
annexed to the note; therefore, could not operate as a con-
dition, but must be taken advantage of by a separate suit.

2. That the agreement makes no provision for parts of
years, but only provides, that the notes should be void, if
the child should not live to the expiration of each year; and
therefore, there was no foundation for the plaintiff to recover
for such part of the year as the child did live.

3. That the Court of Common Pleas ought to have sus-
tained the appeal; for that adjourned sessions of court are
considered in law at stated terms, 'for the purpose of bring-
ing forward new suits, and entering appeals from lower
courts.

Judgment of the justice and Common Pleas affirmed.

By the COURT. The note declared on, was in fact given to
secure the second year's maintenance of a bastard child; and
the written agreement entered into at the same time, in
nature of a condition to the note, as set forth in the plea in
bar, though inaccurately expressed, amounted to no more
than, that if the child should die before the year commenced,
nothing should be paid on the note; or if within the year,
only a sum proportioned to the time it should live; — the
child lived a part of the year, and for aught that appears, the
damage assessed upon the note were in due proportion thereto.

As to the appeal taken to the adjourned Court of Common
Pleas, it did not lie.— The words of the statute granting ap-
peals are, " to the next County Court; " which has reference

to the next stated term, and not to an adjourned session, which is properly but a continuation of a term; and so hath invariably been the practice upon the statute.

DYER, J., dissenting.    I fully agree, that the written agreement entered into between the parties, is to be considered as a condition to the note declared upon, and must guide and direct its operation:    But we are not to make agreements for the parties, or so to construe those which they have made, as totally to vary them from the plain letter and expression.    The duty arising on each of the notes referred to, is expressly on the child's living each entire year; and the note in suit was not to become obligatory, unless the child lived two years from its birth; which is a condition precedent.    If it was the intention of the parties to apportion either year, and divide it into parts, as the child might live, there are apt words to express it; but in this agreement, an entire year is expressed, and we cannot divide and apportion it different from the contract.    The law favors no such construction, nor does it admit of an apportionment on an entire contract.    As in case of rent on a lease for years, the rent to be paid annually, and the lessee is evicted within any given year, the rent for that year is not recoverable; nor can it be apportioned for that part of the time which he occupied.— Where the consideration is one, and the debt one, it cannot be divided.    1 Salk. 65.— 3 Mod. 153.— 10 Coke, 128.— 1 P. Wms. 392.